**DISSTON et al. v. McCLAIN, Revenue Collector.**

(Circuit Court, E. D. Pennsylvania. February 2, 1906.)

No. 38.

INTERNAL REVENUE—LEGACY TAXES—WILLS—CONSTRUCTION.

Testator bequeathed the residue of his estate to trustees to invest and from the income to pay to A. $15,000 a year during her natural life, in quarterly installments. *Held*, that such bequest should be considered, for internal revenue taxation imposed by Act Cong. June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 464, 465 [U. S. Comp. St. 1901, pp. 2307, 2308], as a legacy arising from personal property to which defendant was entitled to immediate possession, and not as a legacy of a series of sums payable out of the income of decedent's estate.

Michael J. Ryan, for plaintiff.
Jasper Y. Brinton and J. Whitaker Thompson, for defendant.

HOLLAND, District Judge. In this demurrer to plaintiff's statement of claim, the defendant alleges that under the provisions of sections 29 and 30 of the act of June 13, 1898 (30 Stat. 464, 465, c. 448 [U. S. Comp. St. 1901, pp. 2307, 2308]), entitled "An act to provide ways and means to meet war expenditures and for other purposes,"

and the several acts amending the same, the taxes paid by the plaintiffs under protest were lawfully assessed and collected by the defendant prior to taking effect of Act April 12, 1902, c. 500, 32 Stat. 96 [U. S. Comp. St. Supp. 1905, p. 444].

Horace C. Disston, a resident of Philadelphia, died June 13, 1900, and his will was probated June 19, 1900, in which the plaintiffs in this·case were appointed his executors, and wherein he directed, inter alia, as follows:

"Item. All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situated I give, devise and bequeath unto my brother William Disston, my friend George McGowan and the Tacony Saving Fund, Safe Deposit, Title & Trust Company. In trust, nevertheless, for the following uses and purposes: To keep the same invested in such securities as I may have or to invest the same as they may determine and from the income arising from all of my said estate to pay first to my beloved friend Rachel Asch the sum of fifteen thousand dollars per year during all the term of her natural life—such payment to be made to her by them in quarterly installments of three thousand seven hundred and fifty dollars each, and the first installment to be paid to her three months after my decease, and thereafter quarterly as aforesaid."

The collector of internal revenue assessed and collected a tax from the plaintiffs on so much of the value of this life estate as was payable for life out of the income of the personal property of the deceased, upon the theory that this bequest to her is a legacy arising from personal property under the terms of the act of 1898, and to which she was entitled to the immediate possession and enjoyment. On the other hand, the plaintiffs contend that this bequest to Rachel Asch is a legacy of a series of sums, payable out of the income of the decedent's estate, and as such, the amount she actually received, prior to the repeal of the war revenue act, is alone taxable. This income for life is exactly similar to the income devised for a certain period in the case of Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563, in which case it was conceded that such a legacy is taxable as one presently in possession and enjoyment. This case rules the one at bar.

The annuity tables used in computing the value of this life estate were those lawfully adopted by the Commissioner of Internal Revenue, under date of December 16, 1898, as appears in treasury decisions Nos. 20,442 and 20,443. These tables were used to compute the value of the life estates in the leading case of Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, and were accepted without question.

The demurrer to the plaintiffs' claim is sustained.